## UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| **STRIKE 3 HOLDINGS, LLC,** | **Case No. 20–cv–14333–KM–ESK** |
| **Plaintiff,** | |
| v. | **OPINION AND ORDER** |
| **JOHN DOE SUBSCRIBER ASSIGNED IP ADDRESS 108.53.44.25,** | |
| **Defendant.** | |

**KIEL, U.S.M.J.**

**THIS MATTER** comes before the Court on plaintiff's motion for leave to serve a third-party subpoena prior to the conference required under Federal Rule of Civil Procedure (Rule) 26(f) (Motion) (ECF No. 7); and the Court having reviewed the moving papers and finding:

1.  Plaintiff filed its complaint on October 13, 2020.  (ECF No. 1). Plaintiff asserts claims for copyright infringement alleging that defendant, who is only identified as "John Doe" with a certain assigned IP address, illegally downloaded and distributed plaintiff's motion pictures.  The complaint further alleges that defendant used the "BitTorrent protocol" to "steal[]" plaintiff's copyrighted motion pictures.   (*Id.* ¶ 4.)

2.  According to plaintiff, "BitTorrent use is anonymous" and only reveals a user's IP address.  (ECF No. 7-1 p.3.)   Additionally, federal law prohibits an internet service provider (ISP) from disclosing the information of an IP address subscriber absent a court order.   *See* 47 U.S.C. § 551, *et seq.*

3.  Plaintiff claims it used "IP address geolocation technology by Maxmind Inc. … an industry-leading provider of IP address intelligence and online fraud detection tools, to determine that [d]efendant's IP address traced to a physical address in this District."   (ECF No. 1 ¶ 9.)

4.  Given the anonymous nature of the alleged infringing conduct, plaintiff has only been able to identify defendant by an IP address.   (ECF No. 7-3 (Paige Decl.)  ¶¶ 13–26.)   Through its investigation, however, plaintiff has identified Verizon Fios as the ISP for the IP address.   (*Id.* ¶ 28.)

5.      Rule 26(d)(1) generally prohibits parties from seeking discovery "from any source before the parties have conferred as required by Rule 26(f)."   However, a party may be permitted to engage in expedited discovery upon a showing of "good cause."   *Manny Film LLC v. Doe Subscriber Assigned IP Address 50.166.88.98*, 98 F.Supp.3d 693, 694 (D.N.J. 2015) (holding "[a] good cause standard governs whether to permit discovery prior to a Rule 26(f) conference").

6.      This Court has applied the "good cause" standard to permit the issuance of a subpoena for discovery of information relating to the identity of a subscriber of an IP address, where the plaintiff has asserted a *prima facie* claim for copyright infringement.   *See Malibu Media, LLC v. John Does 1–11*, No. 12-07615, 2013 U.S. Dist. LEXIS 26217, at *4–5 (D.N.J. Feb. 26, 2013).   However, to ensure that the privacy interests of the subscriber will be protected, this Court has granted leave to serve subpoenas in factually similar cases only with accompanying strict restrictions on the information that can be obtained, and has required notification to the subscriber.   *See Strike 3 Holdings, LLC v. John Doe Subscriber Assigned IP Address 173.71.68.16*, No. 18-02674, 2020 WL 3567282, at *8–9 (D.N.J. June 30, 2020) (finding good cause to grant the request of Strike 3 Holdings, LLC to issue a subpoena to an ISP for limited information relating to the subscriber's identity).

Accordingly,

**IT IS** on this   **2nd** day of **December 2020   ORDERED** that:

1.      The Motion (**ECF No. 7**) is **GRANTED**.   Plaintiff may serve a Rule 45 subpoena on Verizon Fios (ISP), which assigned the IP address associated with defendant, *i.e.*, 108.53.44.25 (IP Address).   In the subpoena, plaintiff may only request the name and address of the subscriber (IP Subscriber) associated with the IP Address.   This Order shall be attached to the subpoena.

2.      Upon receipt of plaintiff's subpoena, the ISP shall have 30 days to provide the IP Subscriber with a copy of this Order and plaintiff's subpoena. Upon receipt of the subpoena and this Order, the IP Subscriber has 30 days in which to move to quash, move for a protective order, or seek other applicable relief. If the IP Subscriber chooses to contest the subpoena, the IP Subscriber must notify the ISP of the IP Subscriber's intent so that the ISP is on notice not to release any information to plaintiff until the issue is resolved by the Court.

3.      If the IP Subscriber does not contest the subpoena within 30 days of receipt of the subpoena and this Order, the ISP shall provide plaintiff with the requested information within 21 days thereafter.   Any information plaintiff receives from the ISP may only be used for the purpose of protecting its rights as set forth in the complaint.

4.    Plaintiff shall not publicly disclose any information identifying defendant and/or any person associated with defendant or the IP Address, including, but not limited to, alleged social media evidence and alleged BitTorrent activity, absent express permission by this Court.

5.    In the event defendant elects to (a) proceed anonymously, (b) file a motion to quash or otherwise modify the subpoena served on the ISP, and (c) file an Anonymous Pro Se Defendant Information form, the Clerk of the Court shall not file the Anonymous Pro Se Defendant Information form on the public docket, but shall file that information under temporary seal until otherwise ordered by the Court.   The Clerk shall file a redacted version of the Anonymous Pro Se Defendant Information form on the public docket, removing all information entered by defendant.

6.    Plaintiff is prohibited from initiating, directly or indirectly, any settlement communications with defendant (or any person associated with defendant or the IP Address), unless (a) that party is represented by counsel and (b) counsel initiates settlement discussions.  On request of plaintiff or an unrepresented party, settlement shall be conducted under supervision of the Court.   This paragraph shall not prevent plaintiff from responding to a request for settlement communications from a represented party, and the parties may engage in settlement negotiations without court supervision if both are represented by counsel.

7.    Plaintiff shall only identity defendant, and/or any person associated with defendant or the IP Address, with an appropriate "Doe" pseudonym in the captions of amended pleadings and any documents filed publicly with the Court.

8.    All documents identifying defendant and/or any person associated with defendant or the IP Address, including alleged social media evidence and alleged BitTorrent activity, shall only be filed in redacted form, with unredacted versions filed under temporary seal, pursuant to Local Rule 5.3(c).

9.    Unless the parties agree otherwise, plaintiff shall have the primary responsibility for filing a single, consolidated motion on behalf of all the parties to permanently seal documents filed under temporary seal, pursuant to Local Rule 5.3(c).

10.   For purposes of calculating the deadline to file a single consolidated motion on behalf of the parties to permanently seal the Complaint, Civil Cover Sheet, Proof of Service, and/or Waiver of Service in this matter, such motion shall be filed within 14 days of the expiration of the deadline to answer, move, or otherwise respond to the Complaint.

11.   If defendant and/or any person associated with defendant or the IP Address declines, or does not respond to requests, to join in the motion to seal the

Complaint, Civil Cover Sheet, Proof of Service, and/or Waiver of Service in this matter by providing an affidavit, declaration, certification, or other document of the type referenced in 28 U.S.C. §1746, based on personal knowledge, describing with particularity the factors outlined in Local Rule 5.3(c)(3), plaintiff shall promptly notify the Court and request a determination of whether the documents should nevertheless be permanently sealed.

12.    After defendant is served with process, or waives service of process, the parties shall meet-and-confer prior to the Rule 26(f) conference to discuss submission to the Court of (a) a proposed discovery confidentiality order, and (b) a proposed electronically stored information protocol.   *See* Local Rule 26.1(d).

13.    The Clerk of the Court is directed to terminate the Motion at ECF No. 7.


_/s/ Edward S. Kiel_
**EDWARD S. KIEL**
**UNITED STATES MAGISTRATE JUDGE**